Richard Thompson, 610-436-5582, P.O. Box 463, West Chester, PA 19380

In the Twelfth Court of Appeals
1517 W. Front St., Suite 354
Tyler, Texas 75702
Tel 903 593 8471, Fax 903 593 2193

Appeal: 12-15-00226-CV

From: Cause No. 2014-0349-CCL2

Richard Thompson  (heir in Estate of Wm. McGeorge)

vs.

Blackberry LC (aka Bob Anderson, Esq.) fax 903 232 1881



FILED IN COURT OF APPEALS
12th Court of Appeals District

DEC 04 2015

TYLER TEXAS
PAM ESTES. CLERK

### Reply to Appellee's Objection to Docketing Statement (revised)

Appellee's objection is moot as appeal is already docketed, properly, from Appellant's succinct petition for reversal, inter alia, and the public record created by the taking of property assessed at $162,000 at less than half value ($75,000); the needless objection to supplemental paper work casts Appellant in false light of being deceptive while divulging the taking was a series of half-truths.

Nonetheless, this court could deem the four page objections as Appellee's Brief, upon which Appellant will respond, point by point:

1. Anderson "is the <u>principal</u> owner of Blackberry LC.," accepted , making his investors accomplices.

2. "Echols is lawyer for Receiver Reader," accepted, but both are ultimately agents for Anderson.

3. The admitted purpose of case was to consolidate Anderson's ownership, couched as "partitioning."

There was no <u>Order Directing Sale </u>signed November 21 2014 served on Thompson, this is first notice.

There was an <u>Order for a Final Non-Jury Trial</u> scheduled for 10/23/14, which I moved to rescind, because of Preliminary Objections to Anderson's Amended Complaint, **EXH. A**, and Supplemented by fax with actual tax assessments on 10/23/14, **EXH. B**. The so-called trial remains a <u>reversible error</u> that time cannot validate.  Remedy is always available for intentional injury - justice has no statute of limitations.

4. *"Notice, type and date of order appealed"* is understood and redundant to Appeal  filed 9/9/15.

5. Appellant pretends to not know what order is appealed, only August 3, 2015, he wishes Twelfth Court to believe, and that is the only order marked "final" ever served on Thompson, but it is the culmination

1

of *"prior judgments and orders," … "disposing of all parties and issues,"* Anderson claims - none of those actions overcame Thompson's claims, they are the marriage of malpractice and malfeasance.

On 10/23/14 Judge Dulweber signed a fallacious <u>Statement of Evidence</u>, prepared by Anderson and endorsed by Ad Litem lawyer Moore, **EXH. C**, whereafter Defendant/Appellant Thompson filed a <u>Motion to Rescind Judicial Approval of Plaintiff's Statement of Evidence</u> on 11/18/14, **EXH D.**

*"It appears Appellant is attacking parts of Order Directing Sale, 11/21/14 (none seen) and parts of <u>Order Authorizing Sale of Real Property</u>, 4/24/15, (EXH. E,) each of which are final and appealable…"* I appealed this later order to the Clerk of Court to reject the order for lack of "fair value" recital (reference to an unserved Receiver's Report is insufficient - it could be deficient, Reader admitted an ethical conflict), inter alia. I had filed a Motion to Reconsider and Rescind Dispensing of Formal Appraisal 2/19/15, which the Judge ignored, **EXH. F.**      Anderson goes on:

*"Appellant filed a document that the trial court treated as a Motion for a New Trial … denied June 5, 2015 (none served);"* this proves the collusion, my <u>Praecipe to Strike Ex-Parte Order Authorizing Sale of Property</u>, 5/26/15, **EXH. G**, was an order to the Clerk to obey the law, the Judge had no subject matter jurisdiction and was wrong to intervene, her duty is to law, not judicial whim.

After 5/26/15 Thompson heard nothing more from anyone until the curious 8/3/15 final Order Discharging Receiver and Granting Attorney Fees and Order Distribution, suggesting that $75,000 had been paid into Court Registry, $23,176.50 paid to lawyers and $51,823.50 held for the account of eleven (11) owners. This was the only "final" order served on Thompson, all others had valid objections ostensibly pending, from Defendant Thompson's point of view - because he was not served they were all ex-parte.

If there was a "final" order on 6/5/15, denying a "New Trial," it was withheld and never served - and the reason obvious, receiver and ad litem did not want a stay until they had extracted exorbitant fees.

For Appellee to pretend that not serving prior judgments and orders Appellant rights are waived, is absurd, - if the Aug 3 2015 "final" order is appealable any time fraud discovered - they are all reversible.

6. As to what parts of the record should be forwarded for appeal - all of it. All the Plaintiff's facts and legal authorities, all the Defendant's motions and exhibits, and everything said before the court.

"Reporters record" (Clerk's record?), if delayed, will be the fault of Appellee, who generated vexatious cost as stratagem for partition to his favor, see my letter to Clerk Duncan and Anderson of 11/12/15.

7. General objections are deemed admissions - Appellant knows he must answer appeal; what he is attempting are preliminary objections to forstall the risk of perjury.

The Docketing Statement may appear to offer such opportunity, but where a cogent appeal has been filed it must be disposed of on merit, the docketing statement has been reviewed and any blanks filled in by Appellee, no questions remain.

2

8. Minutia on service is relevant but immaterial as Appellee has reduced the active parties to two, himself, and me - those interested I have served, those intimidated, or who sold, would waste time and postage.  Echols (who represented Receiver Reader who got $12,644 for no appraisal) and Moore (who failed to honor my defense of heirs unknown) have not entered appearances.  Tony Rolling defaulted in trial court.

Any specificity he asserts relates only to procedural ephemera,  the sale price was his sole and unilateral creation because our Estate Executor relied solely on Anderson's legal advice as a lawyer.

Appellee argues that prior orders were not appealed within 30 days and are thus irrevocable, but none were marked "final," (critical ones not even mailed) while issues were pending appeal was not ripe; Defendant Thompson properly preserved his appellate rights with motions to reconsider on merit; any piecemeal  attempt could have been declined by the Twelfth Court as remediable and premature.

Copies of his filings will reveal the dearth of facts upon which the court have granted Anderson ownership for $75,000.  The court had to act either sui sponde or ex-parte, or the pouch will contain documents not served on defendants or posted to the public docket.

Every decision must be supported with documentation, a judge is not at liberty to usurp the legal standing of a defendant or put himself in a position of self-defense.   The Twelfth Court of Appeals will weigh Anderson's pleadings against the record and find that none of the lower court orders can stand singly, collectively, or in any combination and the share distribution the McGeorge tract is invalid ab initio because of Appellee's self-serving legal advice to owners that their surface rights were meaningless (see my 10/212/15 Memo of Law on Surface Rights).

I hereby certify this reply has been served on Appellee, 11/30/15 by First Class Mail.

Verified true and correct under penalty of law.

Richard Thompson

12/1/15

Richard Thompson, 610-436-5582, P.O. Box 463, West Chester, PA 19380

In the County Court at Law #2
Gregg County, Texas

Fax 903 237 2574

Cause No. 2014-0349-CCL2

Blackberry LC (Bob Anderson by Admission) fax 903 232 1881

vs.

Ethelwynn Bowen, et. al.

$Exh.$ $A$

## Preliminary Objection to Plaintiff's First Amended Petition and Motion to Rescind Order for "Final Non-Jury Trial" scheduled for 10-23-14

1. Defendant Richard Thompson objects preliminarily to Plaintiff's First Amended Petition as it corrects none of the deficiencies (notably lack of probable cause) of Plaintiff's original petition for which case was dismissed 5/19/14 based on my p.o.'s of 4/15/14 – there is still no offer to buy Defendant's share or proof that he paid the Estate of Wm. McGeorge a fair market value for prime commercial property zoned for oil and gas production fronting on the Sabine River.

2. Defendant invokes and adds back all his objections, arguments, motions and admissions by default as valid and germane to this revised petition which boldly seeks repayment of costs assumed by Plaintiff in his land speculation.

3. None of Thompson's subsequent motions have been answered and thus are ripe for judgment in his favor, based on pleadings, by default.

4. A "Final Non-Jury Trial" on 10/23/14, 10am) only two days from notification (received today, 10/21/14, 11am) violates the time allowance for response to a motion before the court and Defendant respectfully moves for its rescission by return fax or phone call.

(Post Office record shows notice only received 10/20/14 while time stamped 10/7/14 by Plaintiff's F&P postage meter – a fraud to deny Defendants their day in court.)

5. Because Plaintiff never sought to clear title by purchase from Thompson, his purchase from the Estate is likewise suspect and Thompson's consent to Executor Royal McGeorge invalid for lack of full disclosure as recounted in my filing of 6-5-14, item 1, of my "Argument." I reiterate that Anderson's claim of 88% is a nullity due to his conflict of interest with the Executor who failed to manage the surface rights and became dependent on his lawyer. This meritless lawsuit bears out the logic of land men to take title by manipulating the court –

1

6. Therefore, the court can't allow itself to be so ill-used; it must protect the public, defend property rights, and compel discovery, i.e., produce realistic appraisal or dismiss this amended petition and cancel the non-jury set for a day from now.

A form of order for rescission and dismissal is attached.

Sworn under penalty of law.

I hereby certify that a copy of this Preliminary Objection to Plaintiff's First Amended Petition and Motion to Rescind Order for "Final Non-Jury Trial" scheduled for 10-23-14 was sent by fax to attorney Bob Anderson on 10-21-14,

Richard Thompson
10-21-14

(PO and Mot to Cancel 10-23-14 Hrg.docx)

2

Richard Thompson, 610-436-5582, P.O. Box 463, West Chester, PA 19380

In the County Court at Law #2<br>
Gregg County, Texas

Cause No. 2014-0349-CCL2

Blackberry LC (aka Bob Anderson)

vs.

Ethelwynn Bowen, et. al.

## Order of the Court

And now, this _____ day of _____ 2014, Plaintiff Robert Anderson is hereby ordered to provide to defendants within one week, copies of all the leases, surface agreements, tax assessments and conditions that encumbered the property described in this his First Amended Petition and under which he agreed to pay his then client in 2004, Royal McGeorge II, the executor of the estate of William McGeorge Jr. within one week, failure to do so will result in dismissal of his amended claim on 10/31/14, with prejudice.

Final Non-Jury Trial scheduled for 10/23/14 at 10:00 a.m. is hereby cancelled.

By order of the court.

_____

Hon. Vincent Dolweber

(PO and Mot to Cancel 10-23-14 Hrg.docx)

3

Defendants

Ethelwynn Bowen
1128 Sky Hawk Mountain Road
Hiawasee, GA 30546

Thomas Yocum
2142 Pass Creek Roiad
Castlegar, British Columbia VIN4S9

Timothy Callahan

Tony Rolling
P.O. Box 582
White Oak, TX 75693

Ellen Taylor
26 Brook Bend Way
East Bridgewater, MA 02333

Lee Eckenrode
540 Fegleysville Road
Perkiomenville, PA 18074-9346

Timothy Eckenrode
709 Wombat Way
Kissimmee, FL 34759-4224

Bonnie Gaeth
1397 East Gartner Road
Naperville, IL 60540

Lucy Koban
35 Old Sutton Road
Bedford, NH 03221

Christina Frank
3848 Anne Street
Drexel Hill, PA 19026

Joseph S. Klimczack, Jr.
7921 West Chester Pike, 2nd Flr.
Upper Darby, PA 19082

Robert A. Klimczack
57 South Church St.
Clifton Heights, PA 19018

Richard Thompson, 610-436-5582, P.O. Box 463, West Chester, PA 19380

*PLEASE HAND DELIVER TO*
*JUDGE DOL WEBER IMMEDIATELY -*
*TRIAL IN PROCESS !* *N.W. 10/23/14*

In the County Court at Law #2
Gregg County, Texas

Fax 903 237 2574

Cause No. 2014-0349-CCL2

Blackberry LC  (Bob Anderson by Admission) fax 903 232 1881

vs.

Ethelwynn Bowen, et. al.

Exh. B

## Supplement to Defendant Thompson's -
### Preliminary Objection to Plaintiff's First Amended Petition and Motion to Rescind Order for "Final Non-Jury Trial" scheduled for 10-23-14

1. Defendant Richard Thompson has just discovered that Plaintiff's offers to heirs of $600/acre is below the Gregg County Appraisal District (903-238-8823) assessment as follows

|           | Account No. | Acres | Assessment | Value / Acre |
|-----------|-------------|-------|------------|--------------|
| Tract one | 23043       | 49.78 | $ 76,870   | $1540        |
| Tract two | 23049       | 112.4 | $ 92,230   | $ 840        |
| Total     |             | 162.2 | $169,100   | $1042        |

2. Description of "rural land," and "minimum use," is out of date and inaccurate, as property has numerous active wells, pumps, tanks, roads and is extensively used for oil and gas production.

3. The property has added value for its water resources and tax assessment values are not true market values -the heirs must be paid full value according to their share, the previous sale must also be opened and recalculated on market value for the use to which it was put.

4. The court erred in scheduling a final non-jury trial the day Plaintiff's First Amended Petition was filed, 10/7/14, it was collusive and unjust; void under the rules of civil procedure.

Copies of this Supplement served by fax today.
Sworn under penalty of law.

Richard Thompson, 10/22/14

1

Bob Anderson
Smead, Anderson & Dunn
2110 Horseshoe Lane
Longview, Texas 75605-5628
Telephone: 903.232.1880
Facsimile: 903.232.1881
E-mail: banderson@smeadlaw.com

FILED
GREGG COUNTY, TEXAS

OCT 2 4 2014

10:5 O'CLOCK ____ A ___ M
BARBARA DUNCAN, DISTRICT CLERK
BY_____DEPUTY

EXH. C

CAUSE NO. 2014-349-CCL2

| | | |
|---|---|---|
| BLACKBERRY, L C,<br>Plaintiff<br><br>VS.<br><br>ETHELWYNN BOWEN, THOMAS YOCOM, TIMOTHY CALLAHAN, TONY ROLING, RICHARD THOMPSON, TIMOTHY ECKENRODE, CHRISTINA FRANK, JOSEPH S. KLIMCZACK, JR., ROBERT A. KLIMCZACK, THE UNKNOWN HEIRS OF JOHN WILLIAM SHOEMAKER, THE UNKNOWN HEIRS OF WILLIAM M. MCGEORGE, JR., THE UNKNOWN HEIRS OF MARY CLARK MCGEORGE, AND THE UNKNOWN HEIRS OF ANY OF THE ABOVE-NAMED DEFENDANTS WHO ARE DECEASED<br>Defendants | § § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br>OF<br><br><br><br><br><br><br>GREGG COUNTY, TEXAS |

## STATEMENT OF EVIDENCE

On this the 23rd day of October, 2014, trial on the merits was held in this cause.

Plaintiff appeared by its company representative and by attorney of record. Defendants ELLEN TAYLOR, LEE ECKENRODE, BONNIE GAETH and LUCIANE S. KOBAN (LUCY KOBAN) were previously dismissed from this action. Defendants TIMOTHY

CALLAHAN, THE UNKNOWN HEIRS OF JOHN WILLIAM SHOEMAKER, THE UNKNOWN HEIRS OF WILLIAM M. McGEORGE, JR., THE UNKNOWN HEIRS OF MARY CLARK McGEORGE, AND THE UNKNOWN HEIRS OF ANY OF THE ABOVE-NAMED DEFENDANTS WHO ARE DECEASED who were each cited by publication appeared by attorney ad litem, John W. Moore, and announced ready for trial; Defendants ETHELWYNN BOWEN and RICHARD THOMPSON have heretofore filed answers in this cause but did not appear for trial. Defendant Tony Roling has filed an notice of appearance and appeared in person.

Bob Anderson, being the first witness, was sworn and the cause proceeded with the following evidence being introduced:

Bob Anderson testified that he is the principal owner and manager of Plaintiff, Blackberry LC; that he is an attorney licensed to practice law in the state of Texas and that for 39 years his practice primarily has been focused on land titles; that several years ago he contracted to buy the land described in Plaintiff's First Amended Original Petition from the heirs of William M. McGeorge, Jr., and Mary Clark McGeorge; that he and individuals with U.S. Title Company have spent considerable time reviewing the title; and that based upon this title review he is of the opinion that the ownership in the tract described in Plaintiff's Amended Original Petition is as stated in the petition.

Bob Anderson testified concerning the efforts that he has made to locate the Defendants or their heirs. These efforts include, but are not limited to, telephone and letter communications with other family members and various Internet searches.

Bob Anderson testified that he has paid 100% of all property taxes for the years 2012-2014 totaling $3,564.86.

Tom Eberhardt, being the second witness, was sworn with the following evidence being introduced:

Tom Eberhardt testified that he had been on the property and said he had been advised of the percentage ownership by the different co-owners, and that it was his opinion that it would be difficult to divide the land in kind among the different owners in accordance with their proportionate shares.

No further testimony was introduced.

APPROVED this 23rd day of October, 2014.

_____
JUDGE PRESIDING

I have read the foregoing and agree that it accurately represents the evidence introduced at the trial described above.

Smead, Anderson & Dunn
2110 Horseshoe Lane
Longview, Texas 75605-5628
Telephone: 903.232.1880
Fax: 903.232.1881

By:_____
Bob Anderson
State Bar Card #01211300

ATTORNEYS FOR PLAINTIFF
BLACKBERRY, LC

The Law Office of John W. Moore
300 N. Green
P.O. Box 2841
Longview, TX 75606-2841
Telephone: 903.236.3500

By:_____
John W. Moore
State Bar Card #00794327

ATTORNEY AD LITEM FOR DEFENDANTS TIMOTHY CALLAHAN, THE UNKNOWN HEIRS OF JOHN WILLIAM SHOEMAKER, THE UNKNOWN HEIRS OF WILLIAM M. McGEORGE, JR., THE UNKNOWN HEIRS OF MARY CLARK McGEORGE, AND THE UNKNOWN HEIRS OF ANY OF THE ABOVE-NAMED DEFENDANTS WHO ARE DECEASED



Richard Thompson, 610-436-5582, P.O. Box 463, West Chester, PA 19380

In the County Court at Law #2
Gregg County, Texas

Fax 903 237 2574

Cause No. 2014-0349-CCL2

Blackberry LC (Bob Anderson by Admission) fax 903 232 1881

vs.

Ethelwynn Bowen, et. al.

## Motion to Rescind Judicial Approval of Plaintiff's Statement of Evidence

Defendants Richard Thompson and Ethelwynn Bowen, represented by her daughter Jane Cook, hereby object to entry of Bob Anderson's 10-24-14 "Statement of Evidence," because it was entered prior to entry of the court order and transcript, was approved ex-parte by Judge Dolweber without notice to Defendants, contains misstatements, distorts the record and materially harms rightful ownership of the original heirs, to wit:

1. Ethelwynn Bowen (89), did appear, helped by her daughter Jane Cook.
2. The court did not serve Defendants with notice of trial.
3. Richard Thompson had only a two day notice and thus was barred from attending.
4. Tony Roling did not attend or testify.
5. Ad Litem Attorney for non-appearing heirs, John Moore, did not testify or defend.
6. John Moore, objected to Jane Cook speaking for her invalid mother.
7. John Moore shut down questioning by Jane Cook.
8. Expert Witness Tom Eberhardt did not testify as to land use, surface rights or value.
9. The court made no inquiry into these questions raised in pleadings by Dft. Thompson.
10. No one but Jane Cook was available to cross examine Eberhardt.

Because Defendant Thompson's preliminary objections and motions to dismiss on grounds of deception and collusion, were ignored, and final trial held in absentia, this proceeding was flawed and the court withdraws its endorsement of Pltfs 'Statement of Evidence," and allows the transcript to speak for what evidence it did or did not consider.

Copies served by fax today.
Sworn under penalty of law.

Richard Thompson, 11/18/14

Hon. Judge Dulweber

(Motn to Rescind Judl Aprvl Stmt o Evid 11-18-14.docx)

1

Electronically Submitted
04-24-2015 12:43 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

## CAUSE NO. 2014-349-CCL2

| | | |
|---|---|---|
| BLACKBERRY, L.C., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | OF |
| | § | |
| ETHELWYNN BOWEN, THOMAS | § | |
| YOCOM, TIMOTHY CALLAHAN, TONY | § | |
| ROLING, RICHARD THOMPSON, | § | |
| TIMOTHY ECKENRODE, CHRISTINA | § | |
| FRANK, JOSEPH S. KLIMCZACK, JR., | § | |
| ROBERT A. KLIMCZACK, THE | § | |
| UNKNOWN HEIRS OF JOHN WILLIAMS | § | |
| SHOEMAKER, THE UNKNOWN HEIRS | § | |
| OF WILLIAM M. MCGEORGE, JR., THE | § | |
| UNKNOWN HEIRS OF MARY CLARK | § | |
| MCGEORGE, AND THE UNKNOWN | § | |
| HEIRS OF ANY OF THE ABOVE- | § | |
| NAMED DEFENDANTS WHO ARE | § | |
| DECEASED | § | |
| | § | |
| Defendants | § | GREGG COUNTY, TEXAS |

*EXH. E*

## ORDER AUTHORIZING SALE OF REAL PROPERTY

On this date the Court considered the Amended Report of Receiver Regarding Sale of Real Property filed on March 26, 2015. The Court finds that this sale was in compliance with this Court's previous Order Directing Sale of Real Property Not Susceptible to Partition in Kind and that the proposed sale is for a fair price. The property to be sold is described as follows, to-wit:

49.989 acres and 112.12 acres in the P. McAnally Survey, Ab-257, Gregg County, Texas

IT IS ORDERED that the sale described in the report is approved and conveyance of the property is authorized on compliance by the purchaser with the terms of sale; and

-1-

That Michael Reader, Receiver, be and is authorized to make this conveyance and receive payment.

SIGNED on _____ April 24 , 2015.

_____
JUDGE PRESIDING

FILED
GREGG COUNTY. TEXAS

FEB 24 2015

4:04 O'CLOCK P M
BARBARA DUNCAN, DISTRICT CLERK
BY _____ DEPUTY



Richard Thompson, 610-436-5582, P.O. Box 463, West Chester, PA 19380

In the County Court at Law #2
Gregg County, Texas
Fax 903 237 2574

Cause No. 2014-0349-CCL2

Blackberry LC (aka, Bob Anderson) fax 903 232 1881

vs.

Ethelwynn Bowen, et. al.

EXH F

## Motion to Reconsider and Rescind Dispensing of Formal Appraisal

Defendant and Heir, Richard Thompson, appearing for himself and all others similarly situated, moves the court to reconsider and rescind its order of 1/26/15 dispensing with formal appraisal as it is ex-parte and thus invalid by ignoring my timely objection filed by fax 1/24/15, **EXH. A.**

The order is further invalidated and rendered moot as Plaintiff has failed to refute the logic and reasonableness of my appraisal of $507,300 based on the property's current tax assessment, usage, and valuable water resources.

In the absence of any evidence or argument to the contrary, my appraisal stands as the law of the case, not merely by default, but by County assessment and Plaintiff's admissions of use for oil and gas production.

The sui-sponde order did not absolve the Receiver of his obligation to defend his reluctance to appraise, especially when he admits to an ethical conflict.

Copies served by fax and mail, 2/19/15 (Boon Shaver Echols Coleman & Goolsby, 903 759 3306)

Sworn under penalty of law.

*Richard Thompson*

Richard Thompson
2/19/15

1

Richard Thompson, 610-436-5582, P.O. Box 463, West Chester, PA 19380

In the County Court at Law #2
Gregg County, Texas

Cause No. 2014-0349-CCL2

Blackberry LC

vs.

Ethelwynn Bowen, et. al.

## Order of the Court

And now, this _____ day of _____ 2015, in view of Defendant Thompson's timely objection of 1/24/15, my order of 1/26/15 dispensing with a formal appraisal is rescinded.

By order of the court.

Judge is not
Signing this at
this time.

Hon. Judge Dulweber

2

Richard Thompson, 610-436-5582, P.O. Box 463, West Chester, PA 19380

In the County Court at Law #2
Gregg County, Texas
Fax 903 237 2574

Cause No. 2014-0349-CCL2

Blackberry LC (aka, Bob Anderson) fax 903 232 1881

vs.



Ethelwynn Bowen, et. al.

## Praecipe to Strike Ex-Parte Order Authorizing Sale of Property

Defendant and Heir, Richard Thompson, appearing for himself and all others similarly situated, hereby directs the Clerk of Court to Strike the order of 4/24/15 as void for collusion, and want of proper legal procedure, specifically:

1. No service of an answer, if any, to my 2/19/15 Motion to Reconsider and Rescind Dispensing of Formal Appraisal.
2. No service of a Formal Appraisal, if any.
3. No service of a "Court Order Directing Sale of Real Property not Susceptible to Partition in Kind."
4. No service of "Amended Report of Receiver Regarding Sale of Real Property"
5. No service of a "Report of Receiver Regarding Sale of Real Property"
6. No rebuttal to my appraisal of 1/24/15
7. No notice of a "proposed sale," by whom or to whom.
8. No substantiation of what constitutes a "fair price."
9. Conflict of interest compounded as Plaintiff Anderson was lawyer for Defendants.
10. No docket copy despite numerous requests.

This praecipe does not require Plaintiff to plead, please docket immediately and mail me a copy

Copies served by mail, 5/26/15 (Boon Shaver Echols Coleman & Goolsby, fax 903 759 3306)

Sworn under penalty of law.

Richard Thompson
5/26/15

1